# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| DAVID DEAN,<br>            Appellant, | DOCKET NUMBER<br>AT-3330-14-0098-I-1 |
| v. | |
| OFFICE OF PERSONNEL<br>    MANAGEMENT,<br>            Agency. | DATE: August 22, 2014 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

David Dean, Lugoff, South Carolina, pro se.

Robin M. Richardson, Esquire, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal without prejudice.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2    The appellant filed a Board appeal, alleging that the Office of Personnel Management (OPM) did not require agencies to follow its own rules regarding the Presidential Management Fellows Program.  Initial Appeal File (IAF), Tabs 5, 12.  In support of his appeal, he provided a close-out letter from the Department of Labor (DOL), which stated, in pertinent part, that his complaint "does not fall within the parameters of Veterans Preference" because each complaint must list the individual agency and the position applied for in that agency, but the appellant's complaint was filed against "several different agencies."  IAF, Tab 5 at 8.  The administrative judge advised the appellant that the DOL close-out letter—which lacked any information regarding whether OPM was one of the agencies and did not specify the agencies or the issues raised before DOL—was insufficient to show exhaustion, and she gave him an additional opportunity to submit evidence of exhaustion.  IAF, Tab 11 (second order regarding jurisdiction).  The appellant indicated in his response to this order that he was unable to access his electronic submission to DOL and that he was directed to file

a Freedom of Information Act (FOIA) request to obtain a copy of this submission. IAF, Tab 12 at 4.  The administrative judge issued an initial decision in which she dismissed the appeal without prejudice "to afford the appellant time to submit to [the FOIA] process."  IAF, Tab 13, Initial Decision (ID) at 3.  The administrative judge also informed the appellant that he must refile his appeal within 14 days of receiving documentation reflecting the agency against whom he filed the complaint and what issues he raised before DOL, or he must refile his appeal no later than May 31, 2014, whichever comes first.  ID at 3.

¶3        The appellant filed a brief petition for review, the agency filed a response, and the appellant filed a reply.  Petition for Review (PFR) File, Tabs 1, 7-8.  On petition for review, the appellant states that the administrative judge should have adjudicated the appeal on the merits.  PFR File, Tab 1.  In his reply brief, the appellant argues that the administrative judge "impose[d] a new standard" on veterans who file Veterans Employment Opportunities Act of 1998 (VEOA) appeals "by holding the veteran applicant responsible for the content of the [DOL] closing letter."  PFR File, Tab 8 at 4.

¶4        The appellant has not persuaded us that the administrative judge's dismissal without prejudice under these circumstances constitutes error.  Regardless of whether he was alleging below a violation of 5 U.S.C. §§ 3330a(a)(1)(A) or (a)(1)(B), in order to satisfy his jurisdictional burden, the appellant must show that he exhausted his remedy with DOL.  *See, e.g.*, *Lazaro v. Department of Veterans Affairs*, 666 F.3d 1316, 1319 (Fed. Cir. 2012) (discussing the jurisdictional burden for (a)(1)(A) claims); *Becker v. Department of Veterans Affairs*, 115 M.S.P.R. 409, ¶ 5 (2010) (discussing the jurisdictional burden for (a)(1)(B) claims).  Evidence of exhaustion is not subject to the liberal pleading standard used with respect to allegations of veterans' preference violations in a VEOA appeal.  *Graves v. Department of Veterans Affairs*, 117 M.S.P.R. 491, ¶ 11 (2012).

¶5        An administrative judge has wide discretion to dismiss an appeal without prejudice in the interests of fairness, due process, and administrative efficiency, and the administrative judge may order such a dismissal at the request of one or both parties, or to avoid a lengthy or indefinite continuance.  *Thomas v. Department of the Treasury*, 115 M.S.P.R. 224, ¶ 7 (2010) (citing *Gingery v. Department of the Treasury*, 111 M.S.P.R. 134, ¶ 9 (2009)).    Under the circumstances presented in this appeal, namely the indeterminate amount of time that it might take the appellant to obtain his submissions to DOL pursuant to a FOIA request, we discern no error with the administrative judge's decision to dismiss the appeal without prejudice.  The initial decision also properly sets a date certain for refiling in the event that the appellant does not receive any information pursuant to his FOIA request.  *See Thomas*, 115 M.S.P.R. 224, ¶ 7 (explaining that in order to comply with the Board's policy that cases be adjudicated expeditiously, when dismissing a case without prejudice, an administrative judge  "must set a date certain for refiling, rather than leaving the refiling date open or ambiguous").  Finally, we are not persuaded by the appellant's assertion that the administrative judge imposed a higher standard on veteran applicants.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  See 5 U.S.C. § 7703(b)(1)(A) (as rev. eff.

Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.